**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEONEL LOPEZ-SANCHEZ,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-2704** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN, FCI LEWISBURG, *et al.*,** | : | |
| **Respondents.** | : | |

## MEMORANDUM

Pending before the Court is Leonel Lopez-Sanchez's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Petitioner's petition will be **GRANTED** to the extent it requests a bond hearing.

### I. BACKGROUND

Petitioner is a citizen and native of Mexico. (Doc. 4-2 at 6). Petitioner claims to have entered the United States around 1999 at a location not designated as a port of entry and without inspection. *Id.* at 7.

On August 27, 2016, Petitioner was arrested for Driving Under Influence Liquor ("DUI"). *Id.* He pleaded guilty to DUI on March 23, 2017, and was sentenced to three days to six months in prison. (Doc. 4-3 at 4). Immigration and Customs Enforcement ("ICE") officers became aware of Petitioner while he was being held at Bucks County Prison following

Petitioner's DUI arrest. (Doc. 4-2 at 7). During an interview with ICE officers on May 22, 2017, Petitioner admitted that he did not have any documentation permitting him to reside in the United States, and the ICE officers took Petitioner into custody. *Id.* That same day, Petitioner was issued a Notice to Appear and charged under §212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). *Id.* at 2. Petitioner bonded out of ICE custody on June 7, 2017. (Doc. 4-3 at 4).

On July 29, 2025, Petitioner was arrested and charged with Sexual Assault, Deviant Sexual Intercourse with an Unconscious Person. *Id.* That same day, Petitioner posted bond and was released from Bucks County custody. (Doc. 4-7 at 4).

On October 8, 2025, ICE officers encountered Petitioner, took Petitioner into custody, and issued Petitioner a Warrant for Arrest. (Doc. 4-3 at 2, 4). Petitioner was later released to Bucks County Sheriff's Office on October 23, 2025, pursuant to a writ from Bucks County. (Doc. 4-6). On May 21, 2026, Petitioner pleaded guilty to one count Sexual Assault under 18 Pa.C.S. §3124.1, a felony of the second degree, and was sentenced for a period of two and a half to five years in prison followed by twelve months of probation. (Doc. 4-7 at 3-4). On June 22, 2026, Petitioner was returned to

ICE custody, (Doc. 4-8), and is currently detained at FCI Lewisburg, (Doc. 4-5).

On September 16, 2026, Petitioner filed the present petition. (Doc. 1). On October 1, 2026, Respondents filed a response to the petition. (Doc. 4). Petitioner's petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as Petitioner's claim neither challenges the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions[.]").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final

order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as Petitioner does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process[.]").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as Petitioner does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies[.]'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Petitioner is detained under 8 U.S.C. §1226(c), which precludes immigration judges from holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission[.]").

**c. Petitioner's detention under 8 U.S.C. §1226(c) is proper.**

8 U.S.C. §1226(c)(1)(C) requires mandatory detention of a noncitizen who "is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year." 8. U.S.C. §1226(c)(1)(C). Petitioner previously pleaded guilty to one count Sexual Assault under 18 Pa.C.S. §3124.1 and was sentenced to two and a half to five years in prison. (Doc. 4-7 at 3-4). Accordingly, Petitioner is properly detained under §1226(c).

**d. Petitioner's detention has become unreasonably prolonged.**

"To determine whether prolonged detention is unreasonable, a 'highly-specific-fact-inquiry,' this Court must consider 'a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable.'" *Rahmatov v. Lowe*, 2026 WL 837974, *2 (M.D.Pa. Mar. 26, 2026) (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-11 (3d Cir. 2020)). "The most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. "We begin there because the Supreme Court . . . rejected a facial challenge to §1226(c) based on the Government's representation that detention lasts between one-and-a-half and five months." *Id.* (citing *Denmore v. Kim*, 638 U.S. 510, 529-30 (2003); *see also Wong Wing v. United States,* 163 U.S. 228, 235 (1896) ("We think it clear that detention, or temporary confinement, as part of the means necessary to give effect to the provisions for the exclusion or expulsion of aliens would be valid[.]"). Duration is "evaluate[d] . . . along with all other circumstances," including: (1) "whether the detention is likely to continue," (2) "the reasons for the delay," and (3) "whether the alien's conditions of confinement are 'meaningfully different[ ]' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 476-77 (3d Cir. 2015)).

With respect to Petitioner's duration of detention, he has been in immigration custody since October 8, 2025—now over one year. (Doc. 4-3 at 4). [1] The Third Circuit has declined to impose a *per se* rule that any detention longer than a specific duration is unreasonable. However, in *German Santos*, the Third Circuit noted that "detention becomes more and more suspect after five months," and that "detention became unreasonable sometime between six months and one year." *Id.* Here, Petitioner's period of detention of over one year has been significantly longer than the reasonable period set forth in *German Santos*. *See J.G.J. v. Sage*, 3:26-CV-706, 2026 WL 915576 at *10 (M.D.Pa. Apr. 3, 2026) (("Here, Petitioner has been detained for approximately one year and the Court finds that the duration of civil immigration detention favors relief at this time.") (citing *German Santos*, 965 F.3d at 210-11)); *compare Rahmatov*, 2026 WL 837974, at *2 ("Petitioner has been detained slightly over 5 months, and the Court finds

---

[1] While Bucks County had physical custody of Petitioner from October 23, 2025, to June 22, 2026, the Government states that Petitioner was in ICE's legal custody during this time period because Petitioner was in Bucks County on writ. (Doc. 4 at 4 n.1) Further, while unclear whether Petitioner has served his sentence for Sexual Assault under 18 Pa.C.S. §3124.1, the Court proceeds under the presumption that Petitioner is currently detained at FCI Lewisburg in ICE custody under §1226(c).

that the duration of civil immigration detention weighs against relief at this time."). Accordingly, the first *German Santos* factor weighs in favor of relief.

The Court must also consider whether Petitioner's detention is likely to continue. *German Santos*, 965 F.3d at 211. Petitioner's immigration proceedings with respect to his removability are still ongoing, (Doc. 1 at 10; Doc. 4 at 4), and will likely continue to endure a lengthy appeals process. Accordingly, this factor weighs in favor of relief at this time.

As for the reasons for delay, a review of Petitioner's proceedings reveals that neither party is responsible. Accordingly, this factor is neutral.

Finally, the Court finds that Petitioner's conditions of confinement are not meaningfully different from criminal punishment. *See Alvarado v. Sage*, 3:26-CV-680, 2026 WL 1497185 at *3 (M.D.Pa. May 28, 2026) ("Federal prison is federal prison."). Petitioner is currently detained at FCI Lewisburg, which is a medium-security federal prison. *Id.* Respondents argue that "[a]lthough the Court in *German Santos* determined that his conditions weighed in favor of petitioner in that he had been 'currently confined to his cell twenty-three hours a day,' such is not the case here." (Doc. 4 at 20) (citing *German Santos*, 965 F.3d at 213). The Court is unpersuaded by this argument. A petitioner obviously need not be detained under such extremely punitive conditions as twenty-three hours a day in one's cell for their

confinement to be akin to criminal punishment. The mere fact that Petitioner, a civil immigration detainee, is housed in a criminal facility among criminals suffices to show that his conditions of confinement do not meaningfully differ from criminal punishment. Where, as here, "civil detention under §1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *German Santos*, 965 F.3d at 211.

Thus, upon weighing the *German Santos* factors, the Court finds that Petitioner's detention under 8 U.S.C. §1226(c) has become unreasonable. Petitioner has been detained for over one year, there is no indication that his detention will end any time soon, and his detention appears to be penal in nature. Accordingly, Petitioner is entitled to a prompt and individualized bond hearing, where "the Government must put forth clear and convincing evidence that continued detention is necessary" and show that Petitioner "would likely flee or pose a danger to the community if released." *Id.* at 213.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED** to the extent it requests a bond hearing. Respondents will be required to provide Petitioner with an individualized bond hearing before an immigration judge within fourteen days, at which the Government shall bear the burden of proof to justify

Petitioner's continued detention by clear and convincing evidence. *See German Santos*, 965 F.3d at 213-14. Respondents will also be directed to file a declaration or affidavit pursuant to 28 U.S.C. §1746 confirming that Petitioner received a bond hearing in accordance with this Memorandum. An appropriate order will follow.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 11/4/26
26-2704-01